UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

LISA RENEE YANCEY,
a/k/a Yancey Professional Business,

      Appellant

      v.                                   Case No. 08-C-0150

HELEN M. LUDWIG,

      Appellee.

DECISION AFFIRMING BANKRUPTCY COURT ORDER

On January 14, 2008, Lisa Yancey filed a notice of appeal from an order of the bankruptcy court dated January 11, 2008. The appeal was received by the clerk of district court on February 15, 2008, and entered on the district court docket on February 19, 2008. In a letter dated February 19, 2008, the district court clerk informed Yancey that the time limits of Fed. R. Bankr. P. 8009 applied for briefing of this appeal, beginning on that date. Rule 8009 states that the appellant's brief is due within fifteen days of the entry of the appeal on the docket of the appellate tribunal and that the appellee's brief is due within fifteen days of receipt of the appellant's brief by that court. Thus, Yancey's brief was due in the district court no later than March 5, 2008.

From February 26 through March 3, within the time frame for filing her brief, Yancey filed several documents. On February 26 she filed a letter titled "Briefs." (Doc. 3.) In addition, on February 26 she filed a packet of documents, within which is another page titled "Briefs," that differ from the first.

Subsequent to the March 5 deadline, Yancey filed various documents. On the other hand, the appellee has not filed any brief in response to Yancey's filings.

However, nothing on Yancey's filings indicates that she ever served the appellee with copies of any of her filings. She provides no certificates of service or any indication that she "carbon-copied" appellee on any of her correspondence with the court. For expedience, the court will decide the case on Yancey's submissions, notwithstanding her failure to indicate service on appellee. Further, the court need not wait for service on appellee or the filing of any brief on appellee's behalf because based on Yancey's filings, Judge Pepper's order should be affirmed.

The procedural background of this case in bankruptcy court and district court is helpful for interpreting Yancey's filings and for deciding this appeal. That background was summarized by Judge Pepper in an order of December 7, 2007:

> On January 12, 2007, the debtor filed a Chapter 13 petition in the above-captioned case. The case had a somewhat troubled history from its inception, and on March 22, 2007, the Chapter 13 trustee filed a motion to convert the case. The debtor objected on March 26, 2007. After extended litigation and a hearing on the matter, the Court granted the trustee's motion on May 22, 2007. The case was converted by written order on June 4, 2007.
>
> On June 8, 2007, the mortgage creditor for the debtor's homestead filed a motion for relief from stay. The debtor objected to the motion on June 19, 2007. The Court held a hearing on the motion on July 12, 2007, and granted the creditor's motion for relief. At this point, the debtor orally requested that her case be dismissed. The Court granted that oral motion, conditioned on notice to all creditors. The case was dismissed August 1, 2007.
>
> Meanwhile, on July 12, 2007–the same day the Court granted the debtor's oral motion to dismiss her Chapter 7 case–the debtor filed a Chapter 13 petition in case number 07-25328. This case was assigned to U.S. Bankruptcy Judge James E. Shapiro. At a hearing before Judge Shapiro on August 24, 2007, the debtor moved to dismiss that Chapter 13 case. The case was dismissed on August 29, 2007.

2

> On September 19, 2007, the debtor filed yet a third Chapter 13 petition, in case number 07-27369. This one was assigned to U.S. Bankruptcy Judge Susan V. Kelley. On October 30, 2007, Judge Kelley dismissed the debtor's third Chapter 13. In a thorough written order, Judge Kelley noted that because the debtor had moved to dismiss her first case–the above-captioned case–after a creditor received relief from stay, her second filing–the case in front of Judge Shapiro–was in violation of 11 U.S.C. § 109(g)(2).

*In re Yancey*, No. 07-20232, slip op at 1-2 (Bankr. E.D. Wis. Dec. 7, 2007).

Yancey appealed Judge Kelley's dismissal of bankruptcy case number 07-27369, i.e., the third bankruptcy case. Chief Judge Rudolph T. Randa affirmed the bankruptcy court decision. *Yancey v. Grossman*, No. 07-C-1063 (E.D. Wis. Jan. 11, 2008).

Meanwhile, on December 4, 2007, Yancey asked Judge Pepper to reopen the first bankruptcy case and to continue the automatic stay. Judge Pepper denied the motion on December 7, 2007. *In re Yancey*, No. 07-20232 (Bankr. E.D. Wis. Dec. 7, 2007). Thereafter, on January 11, 2008, Yancey filed a motion asking Judge Pepper to reconsider her final decision, i.e., the dismissal order of August 1, 2007. *In re Yancey*, No. 07-20232, Mot. to Reconsider at 1 (Bankr. E.D. Wis. filed Jan. 11, 2008). In the motion, Yancey indicated that as of January 11, 2008, she could fund a Chapter 13 case. She requested a stay, noted she had two contracts with employment agencies, and said she wanted to file an adversary hearing against the law firm of Gray & End. *Id.*

Judge Pepper denied the motion to reconsider, and *that* is the order from which Yancey appeals. The notice of appeal reads as follows, the emphasis in the original:

> I am filing a motions [sic] to appeal case no. 0720232 for the *decisions made today* to deny/dismiss my *motions* to reconsider your decision with this case. I have validated and provided financial proof to support my financial ability to fund

3

> a Chapter 13 Repayment Plan, which were the end result which needed to be submitted with this case.
>
> I am requesting an automatic stay to go into effect immediately with this appeal, once transferred to the U.S. District Court, and the orders, motions for adversary creditor hearings to be given for the debtor/pro se/counsel.

(Not. of Appeal.)

First, this court must sort out which documents filed by Yancey should be considered for this appeal. Many of Yancey's submissions to this court were filed after Yancey's March 5 briefing deadline, and Yancey never sought permission for their late filing. Further, Rule 8009 describes one brief, not multiple submissions; again, Yancey has not sought permission for filings outside of the rule. Therefore, all documents filed subsequent to March 5, 2008, will not be considered for purposes of her appeal.

Further, the court will not consider documents that have no bearing on the issue in this appeal. Yancey has appealed from only one order of a bankruptcy case. In that order, Bankruptcy Judge Pamela Pepper denied Yancey's January 2008 motion to reconsider. This denial is the *only* subject for this appeal.

Yancey appears to believe that this appeal encompasses much more. For instance, she asks this court to schedule a hearing for adversary creditor Eagle Movers because that company is trying to sell her personal property. (Letter filed May 28, 2008 (Doc. 19).) Apparently she seeks to add certain creditors to the creditors' or matrix list in her bankruptcy case. (Supplemental Transmittal from Bankr. Court (Doc. 4 here; Doc. 135 in Bankruptcy Court); Documents filed Feb. 26, 2008 at 1, 9-11 (Doc. 5).) However, the bankruptcy case underlying this appeal is closed, and adversary proceedings in the underlying bankruptcy are not a subject of this appeal. Judge Pepper dismissed the

4

bankruptcy case on August 1, 2007, and Yancey did not appeal *that* order. The appeal of Judge Pepper's denial of the motion to reconsider the dismissal did *not* have the effect of reopening the bankruptcy case. It is too late for adversary proceedings or for adding creditors in bankruptcy case 07-20232.

Proposed orders, documents, and letters to Milwaukee County Circuit Court Judge Elsa Lamelas concerning a state court case[1] (Letter to Lamelas filed Mar. 3, 2008 (Doc. 9); Documents filed Feb. 26, 2008 at 3, 12, 13 (Doc. 5)) are likewise immaterial here. They have no impact on whether Judge Pepper's January 11 order should be affirmed or reversed.[2]

Generally, an appellant is allowed to file only one opening brief. *See* Fed. R. Bankr. P. 8009(a)(1) ("The appellant shall serve and file *a* brief . . . ." (emphasis added)). However, prior to March 5 Yancey filed two documents titled as briefs. One is document 3 in the district court docket and one is located at pages five through eight of

---

[1] Apparently this state court case confirmed the sheriff's sale of Yancey's real property. *See In re Yancey*, No. 07-20232, slip op at 4 (Bankr. E.D. Wis. Dec. 7, 2007).

[2] The majority of documents filed by Yancey after March 5 are similarly irrelevant, providing a third basis for excluding them from consideration. That a sheriff's sale of property was conducted in January 2007 following the filing of Yancey's Chapter 13 bankruptcy case (*see* Brief Contents filed Apr. 23, 2008 (Doc. 16); Letter filed Apr. 28, 2008 (Doc. 17)), is irrelevant to the matter before this court. Yancey may believe that the sheriff's sale violated an automatic stay, but, if so, that was a matter for the bankruptcy court to address. If Yancey raised that issue in the bankruptcy court, she failed to appeal any decision on that issue to this court. If Yancey did not raise the issue in the bankruptcy court, she waived it and cannot raise it for the first time on appeal.
Letters to the state court of appeals and documents describing Yancey's mental health treatment and disputes with FedEx (*see* Not. of Intent to Sue filed Mar. 17, 2008 (Doc. 13)) are immaterial. Similarly, Yancey's notices of intent to sue Liberty Mutual Insurance Company and Judge Pepper for various torts (Not. of Intent to Sue filed Mar. 11, 2008 (Doc. 12); Not. of Intent to Sue filed Mar. 17, 2008 (Doc. 13)) are immaterial to this case. Yancey cannot add tort claims to her bankruptcy appeal.
Yancey has filed in the docket of this case a complaint against Judge Pepper (Compl. of Judicial Misconduct or Disability (Doc. 18)), and she accuses Judge Pepper of being bribed by the trustee and by Gray & End (Letter filed Apr. 1, 2008 (Doc. 15)). This court has no authority over misconduct charges against Judge Pepper. Moreover, that Judge Pepper ruled against Yancey does not in the slightest way suggest that Judge Pepper was bribed.

5

document 5 in the district court docket (beginning at page eight and reading the pages backward). Solely because Yancey proceeds pro se, this court will consider both briefs. (The remainder of document 5 will be ignored as irrelevant to the matter at hand.) Of course, pertinent documents from the bankruptcy court record will be considered as well.

A motion to reconsider an order that has become final is a collateral attack on the judgment subject to Fed. R. Civ. P. 60(b), in bankruptcy as in other cases. Fed. R. Bankr. P. 9024; *In re Barnes*, 969 F.2d 526, 527 (7th Cir. 1992).[3] The party seeking to undo a judgment through a Rule 60 motion bears a heavy burden. *Disch v. Rasmussen*, 417 F.3d 769, 778-79 (7th Cir. 2005). The party appealing the denial of a Rule 60 motion bears even a heavier burden, as the lower court's denial is reviewed only for abuse of discretion. *See Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006).

Rule 60(b) enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

---

[3] Motions served more than ten days after judgment is entered can be considered only under Fed. R. Civ. P. 60, not Fed. R. Civ. P. 59. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749-50 (7th Cir. 1995).

6

Judge Pepper did not abuse her discretion in denying Yancey's motion for reconsideration. The bankruptcy case was dismissed on August 1, 2007, *following Yancey's oral motion to voluntarily dismiss it* and the opportunity for creditors to object *In re Yancey*, No. 07-20232, slip op. at 1-2 (Bankr. E.D. Wis. July 12, 2008). Judge Pepper granted Yancey's request.

In her motion for reconsideration Yancey failed to point to any applicable subsection of Rule 60(b), and nothing in Yancey's January 11, 2008, motion for reconsideration, suggests that any of the Rule 60(b) subsections apply other than, possibly, subsection (6). Yancey did not argue that the dismissal order was wrong when it issued. Instead, she maintained that her circumstances had changed: "I have proof to show I can fund a Chapter 13 Bankruptcy and would like to reopen it," she said.

Relief under the Rule 60(b)(6) catch-all provision requires a showing of extraordinary circumstances. *Arrieta*, 461 F.3d at 865. That five months after dismissal (and seven months after conversion of the case from Chapter 13 to Chapter 7) Yancey concluded that she had the financial ability to fund a Chapter 13 case did not constitute an extraordinary circumstance justifying vacation of the judgment. Similarly, that Yancey changed her mind after dismissal did not constitute an extraordinary circumstance.

In her two briefs in this appeal, Yancey fails to focus on the propriety of the denial of the motion for reconsideration, or even on the propriety of the dismissal following her request for dismissal. Instead, in both briefs Yancey discusses various acts of trustee Mary Grossman during the course of the bankruptcy case, including Grossman's actions regarding the conversion of the case from Chapter 13 to Chapter 7 and Grossman's comments about Yancey's rescheduling of creditors' meetings. Yancey accuses

7

Grossman of fraud, perjury, and a criminal act, and asks for restitution or damages of $4,000,000 from Grossman and continuation of an automatic stay. Regardless, Yancey has failed to provide any basis for overturning the January 11, 2008, bankruptcy court decision. Certainly, Judge Pepper did not abuse her discretion in denying the motion for reconsideration.[4]

For the above-stated reasons, the bankruptcy court's decision is affirmed. Judgment in favor of appellee will be entered accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

---

[4] Judge Pepper interpreted Yancey's January 2008 motion as seeking, in addition to reconsideration of the dismissal order, court action regarding the third bankruptcy case (the one before Judge Kelley) and the appeal of that case (the appeal before Chief Judge Randa). This court does not interpret Yancey's motion so broadly. However, even if the motion is so construed, Judge Pepper's denial certainly was not an abuse of discretion. Judge Pepper had no authority over the case before Judge Kelley or the appeal of that case.
    Also, to the extent that Judge Pepper interpreted Yancey's January 2008 motion as seeking reconsideration of the December 7, 2007, denial of a previous motion to reopen, the denial of that request, too, is affirmed. Yancey offered no reasoning in her December motion to reopen that would have justified vacation of the judgment under Rule 60(b). *See In re Yancey*, No. 07-20232, Correspondence (Doc. 111) (Bankr. E.D. Wis. filed Dec. 6, 2007). Therefore, the January 2008 decision denying reconsideration of the December 2007 decision was not an abuse of discretion.

8